

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CELINA M. MESA,

Plaintiff,

v.

RICHARD W. TOBIN, MARK E.
FOGELSONG, HAROLD S. BOYD,
dba ORTHOPAEDIC ASSOCIATES,
and HARRY MARTIN,

Defendants.

Civil No. 06-6198-TC

O R D E R

COFFIN, Magistrate Judge:

Plaintiff brings this action for quid pro quo and hostile work environment sexual harassment.  She

also brings  claims for violations of the Federal Family Medical Leave Act, the Oregon Family

Leave Act  and other state claims.

Presently before the court are defendants' motions (#14, #25 and #41) to dismiss.

STANDARDS

Pursuant to Fed. R. Civ P. 12 (b), a complaint may be dismissed if "it appears beyond doubt that

the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Tanner

v. Heise, 879 F.2d 572, 576 (9th Cir. 1989) [quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)].

In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Id.

DISCUSSION

Quid Pro Quo Sexual Harassment

Defendants move to dismiss the quid pro quo sexual harassment claim as plaintiff alleges the harassment came from a coworker instead of a supervisor. Plaintiff contends the claim is valid as plaintiff's supervisors knew of the harassment, ratified it and made it a condition of her employment by forcing her to choose between the coworker's harassment or leaving her job. Although plaintiff's argument is appealing, it is generally descriptive of hostile environment discrimination and possibly retaliatory sex discrimination.[1] It does not meet the general requirements for a quid pro quo claim. "Quid pro quo harassment is generally understood to be a supervisor seeking or insisting on sexual favors from an employee in order to maintain his or her job or to obtain advancement." Rene v. MGM Grand Hotel, Inc., 305 F.3d 1061, 1073 N. 1 (9th Cir. 2002)(emphasis added). The essence of the quid pro quo theory of sexual harassment is that "a supervisor relies on his apparent or actual authority to extort sexual consideration from an employee. Therein lies the quid pro quo." Henson v. City of Dundee, 682 F.2d 897, 910 (11th Cir. 1982) (emphasis added); Nichols v. Frank, 42 F3d 503, 508 (9th Cir. 1994).

Plaintiff has not provided, and this court has not found, a quid pro quo case where the harasser was merely a coworker and not a supervisor. Coworker harassment is generally associated with hostile environment claims and not quid pro quo claims. For example, an Oklahoma District Court stated: "[u]nlike quid pro quo case, a hostile work environment claim may arise from harassing

---

[1]Plaintiff has asserted both of these type of claims in her pleadings.

conduct of coemployees." Marshall v. Nelson Electric Co., 766 F. Supp. 1018, 1040 (N.D. OK

1991). At oral argument plaintiff cited to Porter v. California Dept. of Corrections, 383 F.3d 1018

(9th Cir. 2004). However, this opinion has been amended and superceded by Porter v. California

Dept. of Corrections, 419 F3d 885 (9th Cir. 2005) . There the Ninth Circuit Court of Appeals

stated:

> Porter's briefing does not specify whether she is alleging quid pro quo or hostile work
> environment sexual harassment. Since the facts are sufficient to establish a prima
> facie case of hostile work environment harassment, however, we leave for another day
> the question of whether quid pro quo liability attaches when an alleged harasser , who
> was not in a position to exact reprisals at the time his advances were rejected, is
> subsequently entrusted with and abuses such authority.

419 F3d at 892. Such does not change the above analysis. Plaintiff's alleged harasser was not

plaintiff's supervisor and did not become plaintiff's supervisor.

   Plaintiff's quid pro quo claims are dismissed.


Oregon Family Leave Act Claim

   Plaintiff alleges that defendants retaliated against plaintiff for requesting and taking medical

leave and that such violates the Oregon Family Leave Act (OFLA). Defendant contends that under

the OFLA statutes , OFLA unlawful employment practices are limited to denials of requested OFLA

leave, and that there is not an action for retaliatory discharge under OFLA.

   For its position that a claim for retaliatory discharge exists, plaintiff cites an Oregon Court of

Appeals decision, Yeager v. Providence Health System Oregon, 195 Or. App. 134, rev. denied, 237

Or. 658 (2004). However, because Yeager is a decision of the Oregon Court of Appeals and not the

Oregon Supreme Court, this court is not required to follow it in interpreting questions of state law.

See Vester v. Dev. II, LLC v. General Dynamics Corp., 248 F.3d 958, 960 (9th Cir. 2001). Several

judges of this Oregon Federal District have repeatedly looked at the precise issue presented in this matter and held that there is not a claim for retaliation under the OFLA. See, e.g., Stewart v.Sears, Roebuck and Co.,No. CV 04-428-HU, Supplemental Findings & Recommendation issued April 5, 2005(Hubel J.), adopted June 29, 2005 (Mossman J.); Cameron v. T-Mobile USA, Inc., No. CV 04-272 -KI, Opinion and Order issued April 28, 2005 (King J.); Ryman v. Sears, Roebuck and Co., No. CV 05-1106- BR, Opinion and Order issued June 19, 2006 (Brown J.).

In Stewart(attached hereto), the court analyzed Yeager and declined to follow it as it did not go far enough in its analysis and there was no evidence showing that the argument on which the Stewart decision was based was raised in Yeager. As set forth in more detail in the attached opinion. Stewart held that Oregon statutes only authorized a claim for the denial of leave and not a retaliation claim. Stewart noted how Yeager read the OFLA statute together with an administrative rule to conclude that the OFLA provides a remedy for retaliation, but in fact that the administrative rule improperly expands the scope of protection given by the statute and that the purported creation of a retaliation cause of action by the administrative rule under OFLA is beyond the authority delegated to the Oregon Bureau of Labor and Industries by the Legislature.

Similar to the Stewart court , this court is sympathetic to plaintiff's argument, but given the statutory framework, there is only supposition that the Legislature intended to create a retaliation cause of action under OFLA. Supposition is not a proper basis upon which to rewrite the plain language of the statutes. Plaintiff's OFLA claim is dismissed, but plaintiff's request to replead the claim is allowed if done so within 30 days.

## CONCLUSION

Defendants' motions (#14, #25 and #41) to dismiss are allowed and plaintiff's quid pro quo claims and Oregon Family Leave Act claim are dismissed. Plaintiff's request to replead the OFLA claim is allowed if done within 30 days.

DATED this 26th day of January, 2007.

_____
THOMAS M. COFFIN
United States Magistrate Judge

5 - ORDER

1

2

3

4

5

6

7

8

9                     IN THE UNITED STATES DISTRICT COURT

10                        FOR THE DISTRICT OF OREGON

11   SARAH STEWART (f.k.a. Sarah   )
     Hills),                       )
12                                 )
                     Plaintiff,    )    No. CV-04-428-HU
13                                 )
          v.                       )
14                                 )
     SEARS, ROEBUCK AND CO., a     )    SUPPLEMENTAL FINDINGS &
15   a foreign corporation,        )    RECOMMENDATION
                                   )
16                   Defendant.    )
     ──────────────────────────────)
17
     Ralph F. Rayburn
18   RAYBURN LAW OFFICE
     17685 S.W. 65th Ave., Suite 300
19   Lake Oswego, Oregon 97035

20        Attorney for Plaintiff

21   Barry Alan Johnsrud
     JACKSON LEWIS LLP
22   One Union Square
     600 University Street, Suite 2900
23   Seattle, Washington 98101

24        Attorney for Defendant

25   HUBEL, Magistrate Judge:

26        Plaintiff Sarah Stewart, formerly known as Sarah Hills, brings

27   this employment action against defendant Sears, Roebuck & Company,

28   her former employer.  Plaintiff contends that defendant violated

     1 - SUPPLEMENTAL FINDINGS & RECOMMENDATION

1   her rights under the federal Family Medical Leave Act (FMLA) and
2   Oregon's Family Leave Act (OFLA).  She also brings a state common-
3   law wrongful discharge claim and a claim under Oregon Revised
4   Statute § (O.R.S.) 652.150 for the alleged failure to timely pay
5   her wages at the time of her discharge.

6       Defendant moves for summary judgment on both Leave Act claims
7   and the wrongful discharge claim.  In a March 7, 2005 Findings &
8   Recommendation, I recommended denial of defendant's motion except
9   as to plaintiff's OFLA claim.  I deferred ruling on that claim
10  pending further briefing and oral argument.  Having considered the
11  additional submissions and the parties' oral arguments, I recommend
12  that defendant's motion regarding the OFLA claim be granted.

13                              STANDARDS

14      Summary judgment is appropriate if there is no genuine issue
15  of material fact and the moving party is entitled to judgment as a
16  matter of law.  Fed. R. Civ. P. 56(c)).  The moving party bears the
17  initial responsibility of informing the court of the basis of its
18  motion, and identifying those portions of "'pleadings, depositions,
19  answers to interrogatories, and admissions on file, together with
20  the affidavits, if any,' which it believes demonstrate the absence
21  of a genuine issue of material fact."  Celotex Corp. v. Catrett,
22  477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

23      "If the moving party meets its initial burden of showing 'the
24  absence of a material and triable issue of fact,' 'the burden then
25  moves to the opposing party, who must present significant probative
26  evidence tending to support its claim or defense.'" Intel Corp. v.
27  Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991)
28  (quoting Richards v. Neilsen Freight Lines, 810 F.2d 898, 902 (9th

2 - SUPPLEMENTAL FINDINGS & RECOMMENDATION

1    Cir. 1987)).  The nonmoving party must go beyond the pleadings and
2    designate facts showing an issue for trial.  <u>Celotex</u>, 477 U.S. at
3    322-23.

4         The substantive law governing a claim determines whether a
5    fact is material.  <u>T.W. Elec. Serv. v. Pacific Elec. Contractors</u>
6    <u>Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987).  All reasonable doubts as
7    to the existence of a genuine issue of fact must be resolved
8    against the moving party.  <u>Matsushita Elec. Indus. Co. v. Zenith</u>
9    <u>Radio</u>, 475 U.S. 574, 587 (1986).  The court should view inferences
10   drawn from the facts in the light most favorable to the nonmoving
11   party.  <u>T.W. Elec. Serv.</u>, 809 F.2d at 630-31.

12        If the factual context makes the nonmoving party's claim as to
13   the existence of a material issue of fact implausible, that party
14   must come forward with more persuasive evidence to support his
15   claim than would otherwise be necessary.  <u>Id.</u>; <u>In re Agricultural</u>
16   <u>Research and Tech. Group</u>, 916 F.2d 528, 534 (9th Cir. 1990);
17   <u>California Architectural Bldg. Prod., Inc. v. Franciscan Ceramics,</u>
18   <u>Inc.</u>, 818 F.2d 1466, 1468 (9th Cir. 1987).

19                              DISCUSSION

20        As noted in the March 7, 2005 Findings & Recommendation, the
21   issue is whether plaintiff can maintain a retaliation cause of
22   action under OFLA.  In a 2002 decision, I determined that OFLA did
23   not allow for a retaliation claim.  <u>Denny v. Union Pac. R.R.</u>,  No.
24   CV-00-1301-HU, Findings & Rec. at pp. 7-9 (D. Or. Oct. 31, 2002),
25   adopted by Judge Jones, January 20, 2003.  I concluded that an
26   Oregon Administrative Rule (OAR) adopted by the Oregon Bureau of
27   Labor and Industries (BOLI) unlawfully expanded the scope of the
28   rights afforded by the statute.  <u>Id.</u>

     3 - SUPPLEMENTAL FINDINGS & RECOMMENDATION

1    In the instant case, plaintiff argues that rather than adhere
2   to the reasoning in Denny, which a number of Judges in this
3   District have followed[1], I should adopt the reasoning and holding
4   of a recent Oregon Court of Appeals decision, Yeager v. Providence
5   Health System Oregon, 195 Or. App. 134, 96 P.3d 862, rev. denied,
6   237 Or. 658, 103 P.3d 641 (2004), which recognized the existence of
7   an OFLA retaliation claim.[2]  I reject plaintiff's argument.

8    The Yeager court's analysis begins by noting that under Oregon
9   Revised Statute § (O.R.S.) 659A.885(1), "[a]ny individual claiming
10  to be aggrieved by an unlawful practice specified in subsection (2)
11  of this section may file a civil action in circuit court."  Id. at
12  138, 96 P.2d at 864.  Yeager also noted that O.R.S. 659A.885(2), in
13  turn, provides that "[a]n action may be brought under subsection

14  _____

15    [1]  Ladendorff v. Intel Corp., No. CV-02-6259-AS, Opinion &
16  Order at pp. 14-20 (D. Or. Mar. 19, 2004) (Judge Ashmanskas);
    Louemna v. Les Schwab Tire Ctrs of Portland, Inc., No. CV-02-856-
17  KI, 2003 WL 23957142, at *6 (D. Or. Oct. 2, 2003) (Judge King)
    Head v. Glacier Northwest, Inc., No. CV-02-373-MA, Opinion &
18  Order at p. 3 (D. Or. Apr. 30, 2003) (Judge Marsh).

19    [2]  Because Yeager is a decision of the Oregon Court of
    Appeals and not the Oregon Supreme Court, I am not required to
20  follow it in interpreting questions of state law.  See Vestar
    Dev. II, LLC v. General Dynamics Corp., 249 F.3d 958, 960 (9th
21  Cir. 2001) ("When interpreting state law, federal courts are
    bound by the decisions of the state's highest court").  In the
22  absence of binding Oregon Supreme Court precedent, the role of
23  this Court is to predict how that Court will rule.  Id.  While
    intermediate appellate decisions can useful for that purpose, I
24  am not obligated to follow those decisions if there is evidence
    that the Oregon Supreme Court might decide the issue differently.
25  Here, I cannot rely on the Yeager decision as a predictor of how
26  the Oregon Supreme Court would rule on this issue when there is
    no evidence showing that the argument on which I base my decision
27  was raised in Yeager.  I conclude that if the Oregon Supreme
    court were presented with the precise issue, it would not follow
28  Yeager.

4 - SUPPLEMENTAL FINDINGS & RECOMMENDATION

1  (1) of this section for the following unlawful practices[,]" then

2  listing a number of specific statutes in O.R.S. Chapter 659A,

3  including O.R.S. 659A.150 to O.R.S. 659A.186, the statutes

4  comprising OFLA.  <u>Id.</u>

5      Under the OFLA statutes, OFLA unlawful employment practices

6  are limited to denials of requested OFLA leave.  O.R.S. 659A.183.

7  Thus, the defendant in <u>Yeager</u>, like the defendant in <u>Denny</u>, and the

8  defendant in the present case, argued that the Oregon Legislature

9  did not provide a civil action for retaliatory discharge under

10  OFLA.

11     <u>Yeager</u> noted that O.R.S. 659A.001(12) "defines 'unlawful

12  practice' for purposes of OFLA to include 'a practice that violates

13  <u>a rule</u> adopted by the commissioner for the enforcement of the

14  provisions of this chapter.'"  <u>Id.</u> at 138, 96 P.3d at 865 (emphasis

15  added in <u>Yeager</u>).  BOLI's relevant administrative rule provides

16  that

17          [i]t is an unlawful employment practice for an employer
            to retaliate or in any way discriminate against any
18          person with respect to hiring, tenure or any other term
            or condition of employment because the person has
19          inquired about OFLA leave, submitted a request for OFLA
            leave or invoked any provision of the Oregon Family Leave
20          Act.

21  OAR 839-009-0320(3).

22     <u>Yeager</u> relied on the definition of "unlawful practice" in

23  O.R.S. 659A.001(12) and OAR 839-009-0320(3) to conclude that

24          the relevant statutes and administrative rule make it
            clear that the legislature intended to provide a civil
25          action for an unlawful practice under OFLA.  An unlawful
            practice is defined to include a violation of a rule
26          adopted by BOLI.  Here, BOLI has adopted a rule that
            makes it an unlawful employment practice to retaliate
27          against an employee for inquiring about OFLA leave,
            submitting a request for OFLA leave, or in any way
28          invoking the provisions of OFLA.  In combination, the

5 - SUPPLEMENTAL FINDINGS & RECOMMENDATION

1      relevant statues and administrative rule create a civil
2      remedy for retaliatory discharge under OFLA.

<u>Yeager</u>, 195 Or. App. at 139, 96 P.3d at 865.

3          Plaintiff also notes that both Judge King and Judge Mosman of
4      this District have followed <u>Yeager</u> to allow an OFLA retaliation
5      claim.    <u>Viken v. North Pac. Group, Inc.</u>, No. CV-03-932-MO,
6      Transcript of Oral Arg. on Cross-Motions for Sum. Jdgmt pp. 9, 45-
7      46  (Docket #118) (D. Or. Oct. 26, 2004); <u>Spees v. Willamina Sch.</u>
8      <u>Dist. 30J</u>, No. CV-03-1425-KI, Opinion at p. 15 (D. Or. Oct. 19,
9      2004).

10         While <u>Yeager</u>'s citation to O.R.S. 659A.001(12) is relevant, I
11     conclude that the <u>Yeager</u> court's analysis does not go far enough
12     and thus, its holding is not supportable.  It does not appear from
13     the discussion in <u>Yeager</u> that the parties urged the court to focus
14     on the precise listing of statutes in O.R.S. 659A.885(2) and the
15     omission from that list of either O.R.S. 659A.001(12) or O.R.S.
16     659A.805(1)(e)   which   gives   BOLI   authority   to   adopt   rules
17     "[c]overing any . . . matter required to carry out the purposes of
18     this chapter." As a result of the likely failure of the parties to
19     raise this issue with the <u>Yeager</u> court, the court failed to address
20     the fact that while O.R.S. 659A.001(12) includes certain practices
21     established   under   BOLI   rules   as   "unlawful   practices,"   O.R.S.
22     659A.885(1) and (2) do not include an unlawful practice as defined
23     by BOLI regulation as one giving rise to a civil cause of action.
24     Neither O.R.S. 659A.001(12) nor O.R.S. 659A.805(1)(e) were listed
25     by the Legislature in O.R.S. 659A.885(2).  Similarly, these issues
26     and arguments do not appear to have been raised before Judge King
27     or Judge Mosman in their respective cases.

28

6 - SUPPLEMENTAL FINDINGS & RECOMMENDATION

1    As in _Yeager_, the starting point is O.R.S. 659A.885(1).
2   There, the Oregon Legislature creates a civil cause of action for
3   individuals aggrieved by the unlawful practices specifically listed
4   in O.R.S. 659A.885(2).   In O.R.S. 659A.885(2), the Legislature
5   enumerated several specific Oregon statutes for which an action may
6   be brought under O.R.S. 659A.885(1).  Notably, the Legislature did
7   not state in O.R.S. 659A.885(1) and (2) that a civil action may be
8   brought for all "unlawful practices" found in O.R.S. Chapter 659 or
9   all "unlawful practices" as defined by statute or BOLI regulation,
10  something the Legislature could easily have done.

11   Rather, the Legislature chose to specifically delineate, by
12  referring to precise O.R.S. sections, which statutory unlawful
13  practices give rise to a civil action.    O.R.S. 659A.001(12),
14  defining unlawful practice to include the violation of a BOLI rule,
15  and O.R.S. 659A.805(1)(e), giving BOLI the authority to adopt rules
16  covering any other matter required to carry out the purpose of
17  O.R.S. Chapter 659, are not in the enumerated list in O.R.S.
18  659A.885(2).

19   As a result, I can reach no conclusion other than that the
20  Legislature did not create a civil cause of action under O.R.S.
21  659A.885(1) and (2) for violations of unlawful practices that are
22  defined only by a BOLI rule and not by one of the statutes listed
23  in O.R.S. 659A.885(2).  Since a retaliation cause of action is not
24  made an unlawful practice in the OFLA statutes themselves, which
25  are referenced in O.R.S. 659A.885(2), such a cause of action is not
26  maintainable under O.R.S. 659A.885(1) and (2).

27   Without the Legislature having listed O.R.S. 659A.001(12) or
28  O.R.S. 659A.805(1)(e) in O.R.S. 659A.885(2), BOLI's regulation that

7 - SUPPLEMENTAL FINDINGS & RECOMMENDATION

1  purports to create a retaliation cause of action under OFLA, OAR
2  839-009-0320(3), is beyond the authority delegated to BOLI by the
3  Legislature.    That is, by not listing those statutes in O.R.S.
4  659A.885(2), the Legislature did not give BOLI the delegated power
5  to establish a new civil cause of action.

6      It is important to note that while I am sympathetic to
7  plaintiff's position, given the statutory framework, I have only
8  supposition that the Legislature intended to create a retaliation
9  cause of action under OFLA.    Supposition is not a proper basis upon
10  which to rewrite the plain language of the statutes.    It is not
11  this Court's role to substitute its judgment for that of the
12  Legislature.

13      For the reasons initially expressed in Denny, and for the
14  reasons explained in this Supplemental Findings & Recommendation,
15  I conclude that Oregon does not provide a retaliation claim for
16  requesting OFLA leave.

                              CONCLUSION
18      I recommend that defendant's motion for summary judgment
19  (#22) as to the OFLA claim, be granted.

                          SCHEDULING ORDER
21      The above Supplemental Findings and Recommendation will be
22  referred to a United States District Judge for review together with
23  the March 7, 2005 Findings & Recommendation on the OFLA claim.
24  Objections, if any, are due May 2, 2005.    If no objections are
25  filed, review of the March 7, 2005 Findings and Recommendation and
26  this Supplemental Findings & Recommendation will go under
27  advisement on that date.

28      If objections are filed, a response to the objections is due

8 - SUPPLEMENTAL FINDINGS & RECOMMENDATION

1    May 16, 2005, and the review of the March 7, 2005 Findings and

2    Recommendation and the Supplemental Findings & Recommendation will

3    go under advisement on that date.

4        IT IS SO ORDERED.

5

6            Dated this <u>15th</u>    day of <u>April</u>, 2005.

7

8                                /s/ Dennis J. Hubel

9    _____

10                               Dennis James Hubel
                                 United States Magistrate Judge

11

12

13

14

15

16    .

17

18

19

20

21

22

23

24

25

26

27

28

9 - SUPPLEMENTAL FINDINGS & RECOMMENDATION